**UNITED STATES DISTRICT COURT**
**DISTRICT COURT OF CONNECTICUT**

---------------------------------------------------------------- X

LUIS ROJAS,                                    :   CIVIL ACTION NO.
                                               :
                  Plaintiff,                   :
                                               :
       -against-                               :
                                               :
CNAPS, LLC d/b/a DONOVAN'S REEF                :
RESTAURANT, AND STEVEN SINAPIS                 :
                                               :   AUGUST 29, 2019
                  Defendants.                  :

---------------------------------------------------------------- X

## COMPLAINT

### I.      NATURE OF THE ACTION

1.      This action is brought to recover unpaid overtime wages pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), and the Connecticut Minimum Wage Act, Conn. Gen. Stat. §31-58 *et seq.* ("CMWA").

### II.     THE PARTIES

2.      Plaintiff is an individual residing at all relevant times in Branford, Connecticut.

3.      Defendant CNAPS, LLC d/b/a "Donovan's Reef Restaurant" is a Connecticut corporation with its principal place of business located at 1212 Main Street, Lockwords Square, Branford, Connecticut 06405.

4.      Defendant CNAPS, LLC operates a restaurant doing business as "Donovan's Reef Restaurant" located at 1212 Main Street, Lockworks Square, Branford, CT.

5.      Defendant Steven Sinapis ("Sinapis") owns CNAPS, LLC and serves as its President and Manager.

6.      Defendant CNAPS, LLC is an "enterprise engaged in interstate commerce" within the meaning of the FLSA.

7.      Defendant CNAPS, LLC has employees engaged in commerce or in the production of goods for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

8.      Defendant CNAPS, LLC has an annual gross volume of sales projected to be in excess of $500,000.

9.      At all relevant times, Defendant Sinapis has had power over personnel decisions at CNAPS, LLC, including the power to discipline employees, hire and fire employees, set employee wages, set employee schedules, and otherwise control the terms and conditions of employment at Defendant CNAPS, LLC. For example, Defendant Sinapis set Plaintiff's rate of pay, scheduled his hours, supervised his work, and restricted his lunch breaks.

## III.     JURISDICTION

10.     The United States District Court for the District of Connecticut has subject matter jurisdiction over this case pursuant to 29 U.S.C. § 216(b), 28 U.S.C. §§ 1331 and 1337 because it assert a claim under the FLSA.  This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

## IV.     VENUE

11.     Venue is proper in the District of Connecticut under 28 U.S.C. § 1391, as CNAPS, LLC, is located within the State of Connecticut, and is subject to this Court's personal jurisdiction.

## V.    PLAINTIFF'S FACTUAL ALLEGATIONS

12.    Plaintiff was employed by Defendants from approximately August 2018 to January 2019.   At all relevant times, Plaintiff worked primarily as a line cook at Donovan's Reef Restaurant.

13.    Defendants required Plaintiff to use specific uniforms while working for Defendants.  Defendants deducted the rental of these uniforms from Plaintiff's weekly wages.

14.    Defendants failed to reimburse Plaintiff for the payments and expenses of the rental uniforms, nor did Defendants consider those expenses in determining whether Plaintiff earned minimum wage.  The uniform expenses were primarily for the benefit and convenience of the Defendants.

15.    During his employment with Defendants, Plaintiff was paid at the rate $15.00 per hour.  Additionally, Plaintiff reported to Italo Zunida.

16.    Throughout his employment, Plaintiff regularly worked approximately sixty (60) to sixty-five (65) hours per week, and frequently worked seven days per week and holidays.

17.    Defendant Sinapis paid Plaintiff for his overtime hours on a "straight time" basis and not at the required overtime rate of one and one half (1½) times his regular hourly rate of pay.

18.    After complaining to Defendants about his overtime hours and pay, Plaintiff spoke to Mr. Zunida about working less than sixty-five (65) hours per week. Plaintiff was berated by Mr. Zunida and bluntly told that Defendants did not like if he complained about his hours and that they would ultimately fire him.

19.     Plaintiff's last day of work was on January 5, 2019.  Despite demand, Defendants refused to pay Plaintiff for his last week of work.

20.     During his employment, Defendants failed to pay Plaintiff overtime compensation, as required by the FLSA and CMWA, for all the hours he worked in excess of forty per workweek.

## FIRST CLAIM
## Fair Labor Standards Act

21.     Based on the foregoing, the FLSA requires Defendants to pay overtime compensation for all hours worked in excess of forty hours in a work week at the rate of one and one half (1½) times the regular hourly rate.

22.     Defendants failed to pay Plaintiff the full overtime compensation to which he was entitled, thereby violating the FLSA and its implementing regulations.

23.     Defendants were aware that the practices described in this Complaint were unlawful, and knowingly and intentionally violated the FLSA.

24.     Defendants further violated the FLSA when they took unauthorized deductions from Plaintiff's paycheck to cover the costs of uniforms Plaintiff was required to wear at the restaurant.

25.     As a result of Defendants' willful violations of the FLSA, Plaintiff is entitled to recover damages, including unpaid overtime wages and  liquidated damages, as well as reasonable attorneys' fees and costs of the action.

## SECOND CLAIM
## Connecticut Minimum Wage Act

26.     Plaintiff repeats and realleges all foregoing paragraphs as if fully set forth herein.

27.     Under the CMWA and its implementing Regulations, Defendants were required to pay Plaintiff one and one (1½) half times the regular rate of pay for all hours worked in excess of forty hours in a workweek. .

28.     Defendants failed to pay Plaintiff the full overtime wages to which he is entitled to under the CMWA.

29.     Defendants willfully violated the CMWA by knowingly and intentionally failing to pay Plaintiff overtime wages.

30.     Additionally, Defendants violated the CMWA by failing to pay Plaintiff his final paycheck.

31.     Because of Defendants' willful violations of the CMWA, Plaintiff is entitled to recover unpaid overtime wages, unpaid wages for his last pay period, reasonable attorneys' fees and costs, liquidated damages, and pre- and post-judgment interest.

### THIRD CLAIM
### Unlawful Deductions

32.     Plaintiff repeats and realleges all foregoing paragraphs as if fully set forth herein.

33.     The CMWA prohibits employers from making deductions from employee wages, except for those permitted by law.

34.     Defendants required Plaintiff to use specific uniforms while working for Defendants.  Defendants deducted the rental of these uniforms from Plaintiff's weekly wages.

35.     Defendants willfully violated the CMWA by knowingly and intentionally deducting he costs of uniforms Plaintiff was required to wear at the restaurant.

36.     As a result, Plaintiff has suffered damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter a judgment:

a. declaring that Defendants have violated the overtime wage provisions of the FLSA and the CMWA;

b. declaring that Defendants' violations of the FLSA and CMWA were willful;

c. awarding Plaintiff damages for unpaid overtime wages;

d. awarding Plaintiff liquidated damages in an amount equal to twice the total amount of the wages found to be due, pursuant to the FLSA and to the CMWA;

e. awarding Plaintiff pre- and post-judgment interest under the FLSA and the CMWA;

f. awarding Plaintiff reasonable attorneys' fees and costs pursuant to the FLSA and the CMWA; and

g. awarding such other and further relief as the Court deems just and proper.


PLAINTIFF, LUIS ROJAS


By:       /s/William G. Madsen
William G. Madsen (ct 09853)
Madsen, Prestley & Parenteau, LLC
402 Asylum Street
Hartford, CT 06103
(860) 246-2466
wmadsen@mppjustice.com